UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                               :

UNITED STATES OF AMERICA      :

                               :   **SEALED INDICTMENT**

        v.                      :

                               :   23 Cr. _____ (  )

ANDRIS PUKKE,               :

                               :  **23 CRIM 168**

          Defendant.        :

                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## COUNT ONE

**(Wire Fraud)**

The Grand Jury charges:

### Overview

1.    At all times relevant to this Indictment, ANDRIS PUKKE, the defendant, a resident of Newport Beach, California, directed and controlled Sanctuary Belize, a real estate project for a vacation and retirement community under development in Belize that marketed and sold residential lots primarily to U.S. residents, including residents of the Southern District of New York. According to promotional materials, Belize was "undergoing an unprecedented land rush" and that "[t]here has never been a better time to invest in Belizean property." These promotional materials also represented, in substance and in part, that Sanctuary Belize, when finished, would be minutes away from a proposed international airport and hospital, and would include a marina, a wildlife reserve, a beach club, and an equestrian center, among other amenities. Investors could purchase or finance lots in Sanctuary Belize on which they could construct homes once the infrastructure, such as roads and electricity, was built out by Sanctuary Belize.

2.    ANDRIS PUKKE, the defendant, and others developed and sold residential lots in

Sanctuary Belize through several entities, including Buy Belize; Buy International; Global Property Alliance; Eco-Futures Development; and Foundation Development Management (together, the "Sanctuary Belize Entities").

3.       ANDRIS PUKKE, the defendant, and Sanctuary Belize's salespeople acting at PUKKE's direction falsely represented to potential lot buyers that:   (i) Sanctuary Belize and the Sanctuary Belize Entities were free of debt; (ii) the development of Sanctuary Belize's infrastructure would be financed with the proceeds of lot sales; and (iii) all income from lot sales would go to development of the infrastructure for Sanctuary Belize.   The salespeople further represented to potential lot buyers that investments in residential lots in Sanctuary Belize carried less risk than investments in other real estate developments that were funded, at least in part, by debt.   In fact, as PUKKE knew, Sanctuary Belize had more than $12 million in debt.   Further, PUKKE misappropriated millions of dollars of lot sale income as described herein.

### The Scheme to Misappropriate Funds from Sanctuary Belize

4.       From in or about 2011 through in or about 2018, ANDRIS PUKKE, the defendant, misappropriated more than $13 million of the approximately $124 million of proceeds of residential lot sales received by the Sanctuary Belize Entities.   Rather than such funds being used to finance the development of Sanctuary Belize's infrastructure, as had been represented to lot buyers by Sanctuary Belize's salespeople, PUKKE used these funds for his personal benefit, including, but not limited to, the renovation of a home in Newport Beach, California; investments in various entities unrelated to Sanctuary Belize that PUKKE made in his wife's name; investments in other, unrelated real estate developments and other entities; repayment of personal debt; transfers to his father's estate, which PUKKE controlled; and payments to family members.

2

5.      ANDRIS PUKKE, the defendant, misappropriated funds from the Sanctuary Belize Entities by, among other methods, directing Sanctuary Belize employees to send funds by wire transfer to recipients designated by PUKKE.   These payments for PUKKE's personal benefit were falsely concealed on the books and records of the Sanctuary Belize Entities as business expenses, including but not limited to professional fees, legal fees, consulting fees, loans receivable, and online advertising expenses.

### STATUTORY ALLEGATIONS

6.      From in or about 2011 through in or about November 2018, in the Southern District of New York and elsewhere, ANDRIS PUKKE, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, PUKKE engaged in a scheme to obtain money from lot purchasers in Sanctuary Belize through false statements and misrepresentations regarding Sanctuary Belize's lack of debt and the use of the income from lot sales, and to misappropriate money from the Sanctuary Belize Entities, which scheme involved interstate communications in and out of the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

3

## COUNT TWO

### (Unlawful Monetary Transactions)

The Grand Jury further charges:

7.     The allegations set forth in paragraphs 1 through 5 are repeated and realleged as if set forth fully herein.

8.     From in or about March 2018 through in or about October 2018, in the Southern District of New York and elsewhere, ANDRIS PUKKE, the defendant, knowingly engaged and attempted to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, PUKKE made multiple transfers of $10,000 or more derived from the wire fraud offense charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1957 and 2.)

### FORFEITURE ALLEGATIONS

9.     As the result of committing the offense alleged in Count One of this Indictment, ANDRIS PUKKE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

10.     As a result of committing the offense alleged in Count Two of this Indictment, ANDRIS PUKKE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

4

**Substitute Assets Provision**

11.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a.     cannot be located upon the exercise of due diligence;

   b.     has been transferred or sold to, or deposited with, a third person;

   c.     has been placed beyond the jurisdiction of the Court;

   d.     has been substantially diminished in value; or

   e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


FOREPERSON


DAMIAN WILLIAMS
United States Attorney

3/29/2023 - TRUE BILL, SEALED INDICTMENT
A.W. - RWiehrburger