UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                                23 Cr. 168 (JPO)

ANDRIS PUKKE,                                      ORDER
                          Defendant.


**<u>JURY CHARGE</u>**


COURT EXHIBIT 1
JULY 9, 2024
10:40 A.M.

## I.    INTRODUCTORY INSTRUCTIONS

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case. I am now going to instruct you on the law that governs the case.  There are three parts to these instructions:

First, I will provide you with some general instructions about your role and about how you are to decide the facts of the case.  These instructions would apply to just about any trial. Second, I will give specific instructions about the legal rules applicable to this particular case. Third, I will give you instructions on the general rules governing your deliberations.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying. Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

## II.    GENERAL INSTRUCTIONS

### A.  Role of the Court

It is my duty to instruct you on the law, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

On legal matters, you must take the law as I give it to you.  You may not substitute your own notions or opinions of what the law is or ought to be.  You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law is — or should be — it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

If any attorney has stated a legal principle different from what I tell you, you must follow my instructions.  You should not single out any particular instruction as alone stating the law. You should consider my instructions as a whole as you deliberate.

You should not infer from anything I have said or done during this trial that I have any view on the credibility of the witnesses or any view about how you should decide the case.  I have no opinion as to the facts or the verdict that you should render in this case.

**B.  Role of the Jury**

You are the sole and exclusive judges of the facts.  You determine the credibility of the witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight to give the various pieces of evidence.

You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone.  You may not consider or speculate on matters not in evidence or matters outside the case.

**C.  Role of Counsel / Objections**

As I told you at the outset of the case, it is the duty of the attorneys to object when the other side offers testimony or evidence that the attorney believes is not properly admissible.

Therefore, you should draw no inference if an attorney objected to evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

### D. Sympathy or Bias

You are required to evaluate the evidence calmly and objectively, and you must be completely fair and impartial. Your verdict must be based solely on the evidence introduced at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice or bias for or against either side. Our judicial system works only if you reach your verdict through a completely fair and impartial consideration of the evidence.

In deciding the facts of the case, it would be improper for you to consider any personal feelings you may have about any party or any witness, any punishment that might be imposed, or any other such irrelevant factor. This case must be decided by you as an action between parties of equal standing in the community and of equal worth. All parties are entitled to the same fair trial. The Government and the Defendant stand as equals before the law and are to be dealt with as equals in this Court.

### E. Presumption of Innocence and Burden of Proof

The Defendant is charged with more than one crime. Please bear in mind that a charge is not evidence of anything and that the Defendant is presumed innocent of each charge.

The Government has the burden of proving every element of each charge beyond a reasonable doubt. If the Government succeeds in meeting its burden on a particular charge, your verdict must be guilty on that charge; if it fails, your verdict must be not guilty on that charge. The burden of proof never shifts to the Defendant. The law presumes every defendant to be innocent and therefore never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, the Defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proven, beyond a reasonable doubt, that he is guilty of that crime.

## F.  Reasonable Doubt

The question then becomes: what is a reasonable doubt?

The words almost define themselves.  It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof that is so convincing that a reasonable person would not hesitate to rely upon it in making an important decision in his or her own life.

Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt.  A reasonable doubt is not a doubt based on caprice or whim.  Nor is it a doubt based on speculation or suspicion.  Reasonable doubt is also not an excuse to avoid the performance of an unpleasant duty.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the Defendant's guilt as to a particular charge, then you must find him not guilty on that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the Defendant's guilt on that charge, then you must find him guilty of that charge.

## G.  What Is and Is Not Evidence

I want to take a moment to describe to you what is and is not evidence in this case.  As I have said, you must rely only on evidence in your deliberations.  The evidence in this case is the

sworn testimony of the witnesses, the exhibits, and the stipulations that were received in evidence.  Other things are not evidence.

1.    A question by a lawyer is not evidence.  The witnesses' answers are evidence, not the questions.  Similarly, documents that lawyers provided to witnesses to refresh their recollection are not evidence; only the witnesses' answers are evidence.

2.    Arguments by lawyers are not evidence.  What the attorneys said in their opening statements and in their summations was intended to help you understand the evidence and to reach a verdict.  If your recollection of the evidence differs from what any attorney said, it is your recollection that controls.

3.    Statements that I may have made concerning the evidence are not evidence.

4.    Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5.    Anything you may have seen or heard outside the courtroom is not evidence.

Now I will discuss what is evidence.  Evidence may come in several forms:

1.    The sworn testimony of witnesses, regardless of who called the witness, is evidence.  This is true of the witnesses' answers on both direct and cross examination.

2.    The exhibits that were admitted during the trial are evidence.

3.    The stipulations that all parties agreed to and were read during the trial are evidence.  You must accept as true the facts to which the parties stipulated. Some of the stipulations were about what a witness would have said if he or

she had been called to testify.  You must accept as true the fact that the

witness would have given that testimony, but it is up to you to determine the

weight or importance of that testimony.

**H.  Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your

verdict: direct and circumstantial.

Direct evidence is testimony by a witness about something he or she knows by virtue of

his or her own senses — something that he or she has done, seen, felt, touched, or heard.  For

example, if a witness testified that on the day in question she was in her office, and she could see

that it was raining all day, that would be direct evidence about the weather on that day.

Circumstantial evidence is evidence of one fact from which you may infer the existence

of other facts.  For example, assume that a witness testified that his office does not have a

window.  On the day in question, however, he saw numerous people coming into the office with

wet raincoats and carrying dripping umbrellas.  That testimony about wet raincoats and dripping

umbrellas is circumstantial evidence that it was raining that day.  So even though you have no

direct evidence regarding the weather, you have circumstantial evidence that it was raining.

With circumstantial evidence, you must be careful to draw reasonable inferences that

reflect all of the evidence.  For example, if you live in the city and wake up in the morning and

see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last

night.  Instead, a more reasonable inference is that the building staff has hosed down the

sidewalk.

That is all there is to circumstantial evidence.  You infer on the basis of reason and

common sense from one fact (in my first example, dripping raincoats and umbrellas) the

existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial evidence is presented, it is of no less weight than direct evidence.

## I. Witnesses

### 1. General Credibility

You have had the opportunity to observe the witnesses.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  Decide what testimony to believe and what not to believe.  Consider each witness's demeanor and manner of testifying; the witness's opportunity to see, hear, and know about the events described; the witness's ability to recall and describe those things; and the reasonableness of the testimony in light of all of the other evidence in the case.  Consider whether part of a witness's testimony was contradicted or supported by other testimony, by what the witness said or did on a prior occasion, or by the testimony of other witnesses or by other evidence.

You should consider whether the witness had an opportunity to observe the facts he or she testified about.  You should also consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that a witness has willfully testified falsely as to an important matter, you may disregard the witness's entire testimony, or you may accept as much of the testimony as you find to be true and disregard what you find to be false.  A witness may have been mistaken or may have lied in part of his or her testimony while having been accurate and truthful in other parts.

### 2. Expert Witnesses

You have also heard testimony from an expert witness.  Experts are witnesses who have acquired learning or experience in science or a specialized area of knowledge by education, experience, or training.  They are permitted to give their opinions on matters in which they profess to be experts and to give the reasons for their opinions.  Someone who is experienced in

a field may assist you in understanding the evidence and in reaching your independent decision of the facts. Your role in judging credibility applies to experts as well as other witnesses. You should judge the expert testimony the same way that you judge the testimony of any other witness. In weighing expert testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion, and all the other evidence in the case.

### 3.    Bias or Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have had for or against the Defendant. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with or helping either party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. If you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean the witness has not told the truth. It is for you to decide based on your observations, your common sense, your experience, and all the other considerations mentioned whether the possible interest of a witness in the outcome of the case has intentionally or otherwise colored or distorted his or her testimony. You are not required to believe or disbelieve an interested witness; you may accept as much of the testimony as you deem reliable and reject as much as you deem unworthy of belief.

### 4.    Preparation of Witnesses

You have heard evidence during the trial that certain witnesses met with the attorneys before that witness appeared in court. There is nothing either unusual or improper about a

9

witness meeting with lawyers before testifying. These meetings allow the witness to know the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation makes the trial process more efficient.

What weight, if any, you give to the fact or nature of the witness's preparation for his or her testimony, and what inferences you draw from such preparation, are matters completely within your discretion.

### 5. Conclusion

Going back to witnesses generally, what you must try to do in deciding credibility is to size up a person just as you would in any important matter in your own life where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### J. Uncalled Witnesses

There are several persons whose names you have heard during the course of the trial who did not testify. I instruct you that each party had an equal opportunity or lack of opportunity to call those witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what such witnesses would have said had they been called.

### K. Persons Not on Trial

Some of the people who may have been involved in the events at issue in this trial are not on trial. You may not draw any inference from the fact that persons other than the Defendant were not defendants in this trial. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

### L. Defendant's Testimony

Under our Constitution, a defendant has no obligation to testify or to present any evidence.

Mr. Pukke did not testify. You may not attach any significance to the fact that Mr. Pukke did not testify. You may not draw any adverse inference against him because he did not testify. No defendant is ever required to prove that he is innocent.

### M. Summary Charts

The parties have presented certain exhibits in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them.

I admitted these charts and summaries in order to save time. They are no better evidence than the testimony or documents upon which they are based. You should consider these charts and summaries as you would any other evidence.

### N. Redaction of Evidentiary Items

Among the exhibits admitted into evidence were documents or transcripts that were redacted. "Redacted" means that part of the document was removed or blacked out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the remainder has been redacted or speculate as to what may have been redacted that was not introduced into evidence.

### O. Investigations

All of the evidence that was admitted at trial was lawfully collected and may be considered by you. The Government's investigation, what it did and what it did not do, is not at issue. The issue for you to decide is whether the evidence presented to you is sufficient to prove the crimes charged beyond a reasonable doubt.

### III.    SUBSTANTIVE INSTRUCTIONS

### P. Meaning and Summary of the Indictment

I will now turn to the charges against the Defendant as contained in the indictment. The defendant, Andris Pukke, is formally charged in a two-count indictment. As I instructed you at the outset of this case, the indictment is a charge or accusation. It is not evidence. I will not read the entire indictment to you at this time. Rather, I will first summarize the offense charged in the indictment and then explain in detail the elements of that offense.

The indictment contains a total of two counts, or charges.

Count One of the Indictment charges that, from at least in or about 2011 up to and including at least in or about 2018, in the Southern District of New York and elsewhere, the Defendant committed wire fraud.

Count Two of the Indictment charges that, in or about 2021, in the Southern District of New York and elsewhere, the Defendant attempted to obstruct a grand jury investigation.

**Q. Count One: Wire Fraud**

Count One of the Indictment charges the defendant, Andris Pukke, with committing the offense of wire fraud, from at least in or about 2011 through at least in or about 2018. Wire fraud is a violation of Title 18, United States Code, Section 1343.

That statute provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to
> defraud, or for obtaining money or property by means of false or fraudulent
> pretenses, representations, or promises, transmits or causes to be transmitted by
> means of wire, radio, or television communication in interstate or foreign
> commerce, any writings, signs, signals, pictures, or sounds for the purpose of
> executing such scheme or artifice, shall be [guilty of a crime].

**R. Count One: Wire Fraud (Elements)**

Count One charges the Defendant with wire fraud.

To sustain its burden of proof with respect to the offense charged in Count One, the Government must prove beyond a reasonable doubt the following three elements:

*First*, that there was a scheme to defraud, that is, a scheme to obtain money or property by means of false or fraudulent statements regarding material facts;

*Second*, that the Defendant knowingly devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to defraud; and

*Third*, that in the execution of that scheme, the Defendant used, or caused the use by others, of interstate or foreign wires.

I will now explain each of those three elements in more detail.

**S.  Count One: Wire Fraud (First Element—Existence of a Scheme or Artifice to Defraud)**

The first element the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

I will now explain what these terms mean.

A "scheme or artifice" is a plan, device, or course of conduct to accomplish an objective. "Fraud" is a general term.  It embraces all the possible means by which one person can gain some unfair advantage over another person by false representations, false suggestions, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money or property.  Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception, or swindle.

The scheme to defraud here is alleged to have been carried out by making false or fraudulent statements or representations.  A statement or representation  is false if it was untrue when made and if the person making it or causing it to be made knew it was untrue at the time it was made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or involving the concealment of material facts or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false or deceptive appearance.  If there is deception, the manner in which it is accomplished is irrelevant.

In order to prove the existence of a scheme to defraud, the Government must also prove beyond a reasonable doubt that the false representations and pretenses were "material."  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.  That means if you find a particular statement of fact to have been untruthful, before you can find that statement to be material, you must also find that the statement was one that would have mattered to a reasonable person in making such a decision.  The same principle applies to fraudulent half-truths or omissions of material fact.  Actual reliance by the person on the representation is not required; it is sufficient if the representation is one that is capable of influencing the person's decision and is intended by the Defendant to do so.  In considering materiality you may consider any written contract as well any other written or oral representations.

14

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important reflects that witness's individual views. Although you may consider such testimony, it is not controlling.  It is for you to determine whether a particular fact would have been important to a reasonable person.  You should determine whether a fact is material from the objective point of view of a hypothetical reasonable person making a decision with respect to a proposed purchase, not from the subjective point of view of one of the specific buyers who testified.

When we say "reasonable person," we are referring to a person of ordinary intelligence. However, because the question focuses on a person of ordinary intelligence, it does not matter whether the intended victims were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the experienced market participant.

The Government is not required to prove that the scheme or artifice actually succeeded— that is, that an intended victim actually relied upon any false statement or suffered any loss or that the Defendant realized any gain.

In addition to proving that a statement or representation was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme or artifice contemplated wrongly depriving another of money or property, even if only temporarily.

A scheme or artifice to defraud need not be shown by direct evidence but may be established by all the circumstances and facts in the case.  If you find beyond a reasonable doubt that a scheme or artifice to defraud did exist, you next should consider the second element of wire fraud.

**T.  Count One: Wire Fraud (Second Element—Intent)**

The second element of Count One that the Government must prove beyond a reasonable doubt is that the Defendant knowingly devised or participated in the scheme, with knowledge of its fraudulent nature and with specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

To satisfy this element, it is not necessary for the Government to establish that the Defendant originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the Defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the Defendant participated in or had knowledge of all of the operations of the scheme.  The guilt of the Defendant is not governed by the extent of his participation.

It also is not necessary that the Defendant have participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the Defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the Defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before the Defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and with a specific intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.  Thus, the Defendant acted with intent to defraud if he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to defraud and to help it succeed, and with a purpose of obtaining money or property from the victim.

The Government, however, need not prove that any intended victim was actually harmed, only that such harm was intended or contemplated by the Defendant.

Additionally, the Government need not prove that the intent to defraud was the only intent or even the primary intent of the Defendant.  A defendant may have the required intent to defraud even if the defendant was motivated by other unlawful purposes as well.

A misrepresentation must relate to an essential element of the bargain, rather than simply being collateral to the bargain.  A misrepresentation is about an essential element of the bargain if, for example, it creates a discrepancy between benefits reasonably anticipated because of the misrepresentations and the actual benefits which the defendant delivered, or intended to deliver, or if it misrepresents the economic value of the bargain. False statements or misrepresentations that are merely collateral to the bargain and meant to induce a customer to enter into a transaction that he or she would otherwise avoid are insufficient to prove intent to defraud.

Because an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the Defendant is a complete defense to a charge of wire fraud.  Under the wire fraud statute, even false representations or statements, or omissions of material facts, do

not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. The Defendant, however, has no burden to establish a defense of good faith.

The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. If the Defendant participated in the scheme with the intent to cause some financial or property loss to another, the fact that the Defendant honestly believed, rightly or wrongly, that the scheme would ultimately work out such that the victim would not lose money or property will not excuse fraudulent actions or false representations by him.

The question of whether a person acted knowingly and with specific intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Circumstantial evidence, if believed, is of no less value than direct evidence. Regardless of whether you look to direct evidence, circumstantial evidence, or a combination thereof, the Government must establish the essential elements of the crime charged beyond a reasonable doubt—including the requisite mental state.

18

**U.  Count One: Wire Fraud (Third Element—Interstate Wires)**

The third and final element that the Government must prove beyond a reasonable doubt is that one or more interstate or foreign wires were used in furtherance of the scheme to defraud. An "interstate wire" means a wire that passes between two or more states.  A "foreign" wire means a wire that travels internationally.  Examples of wires include telephone calls and messages, communications over the internet, commercials on television, and financial wires between bank accounts.

The use of the wires need not itself be fraudulent.  It must, however, further or assist in the carrying out of the scheme to defraud.  A wire communication can also include a communication made after an alleged victim's funds were obtained if the communication was designed to lull the victim into a false sense of security, to postpone his or her complaint to the authorities, or to keep or dispose of the money obtained from the scheme.

It is not necessary for the Defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the Defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the Defendant caused the wires to be used by others.  The wire communication requirement can be satisfied even if the wire communication was done by the person being defrauded or some other innocent party.  When a person does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

The Government must prove beyond a reasonable doubt that the wire communication was interstate or international.  To do so, the Government may prove that a wire communication whose origin and destination were within one state was routed through another state, or that the wire

communication passed between two or more states or between the United States and a foreign country. The Government is not required to prove that the Defendant knew or could foresee the interstate or international nature of the wire communication.

The jury must unanimously agree that at least one such wire communication in furtherance of a scheme to defraud was proven by the Government beyond a reasonable doubt.

### V. Count One: Wire Fraud (Statute of Limitations)

If you find that the Government has proved all three elements of Count One beyond a reasonable doubt, you must also consider whether the Government has proved beyond a reasonable doubt that any of the wire communications you found to satisfy the third element of the offense—use of interstate wires—occurred on or after March 29, 2018. If you do not so find, then you must return a verdict of not guilty on this Count.

### W. Count Two: Obstruction of an Official Proceeding

Count Two of the Indictment charges the defendant, Andris Pukke, with committing the offense of obstruction of an official proceeding in or about December 2021. Obstruction of an official proceeding is a violation of Title 18, United States Code, Section 1512(c)(2).

That statute provides, in pertinent part:

> Whoever corruptly . . . obstructs, influences, or impedes any official
>
> proceeding, or attempts to do so, shall be [guilty of a crime].

### X. Count Two: Obstruction of an Official Proceeding (Elements)

To find the Defendant guilty of obstruction of an official proceeding, you must find beyond a reasonable doubt the following three elements:

20

*First*, that the Defendant obstructed, influenced, or impeded an official proceeding, which here, is alleged to be a federal grand jury proceeding, by impairing the availability or integrity of records, documents, or objects used in an official proceeding;

*Second*, that there was a nexus, or a relationship, between the Defendant's conduct and the official proceeding; and

*Third*, that the Defendant acted corruptly.

## Y. Count Two: Obstruction of an Official Proceeding (First Element—Obstructing an Official Proceeding)

The first element the Government must prove beyond a reasonable doubt is that the Defendant obstructed, influenced, or impeded an official proceeding, or attempted to do so, by impairing the availability or integrity of records, documents, or objects used in an official proceeding, or attempting to do so.

An official proceeding means a proceeding before a court, judge, or federal agency. The proceeding may be civil or criminal. You are instructed that a federal grand jury investigation is an official proceeding. An investigation by federal prosecutors or law enforcement officers alone is not an official proceeding.

The law does not require that the official proceeding be pending at the time of the Defendant's actions as long as the proceeding was foreseeable such that the Defendant knew that his actions were likely to affect the proceeding. In addition, the Government does not have to prove that the Defendant knew that the proceeding would be a federal grand jury proceeding.

To "obstruct" means to hinder from passage, action, or operation, that is, to stand in the way of or persistently oppose the progress or course of proceedings.

To "impede" means to interfere with or slow the progress of.

To "influence" means to corruptly interfere with authority for personal gain, that is, to move by improper or undue influence.

Each of these terms refers to acts that create a meaningful interference with an official proceeding. Acts designed to have only a minimal effect on an official proceeding do not violate the law. Likewise, bona fide advocacy that forms a legitimate part of the proceeding does not violate the law.

In addition, the Government must prove beyond a reasonable doubt that the Defendant's actions involved impairing the availability or integrity of records, documents, or objects for use in an official proceeding, which includes creating a false document or false witness testimony.

The Defendant may be found to have attempted to obstruct, influence, or impede an official proceeding if you find beyond a reasonable doubt that the Defendant did some act that was a substantial step in an effort to bring about or accomplish that intention.

### Z.  Count Two: Obstruction of an Official Proceeding (Second Element—Nexus)

The second element the Government must prove beyond a reasonable doubt is that there was a nexus, or a relationship, between the Defendant's conduct and the official proceeding.

The nexus element means that the Defendant's conduct must have a relationship in time, causation, or logic with the official proceeding. That is, the Defendant's conduct must have the natural and probable effect of obstructing the official proceeding.

Here, the Defendant must have had a specific intent to obstruct a federal grand jury proceeding, not just a federal law enforcement investigation. Even if the Defendant knew of the existence of a federal grand jury proceeding and attempted to cause a witness to create a false document regarding issues pertinent to that proceeding, that would not violate the law unless the Defendant also knew or intended that the false document would be conveyed to the grand jury.

**AA.     Count Two: Obstruction of an Official Proceeding (Third Element—Corruptly)**

The third element the Government must prove beyond a reasonable doubt is that the Defendant acted corruptly.

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede, or influence the due administration of justice.

**BB.     Count Two: Obstruction of an Official Proceeding (Attempt)**

Count Two also charges Mr. Pukke with attempting to obstruct an official proceeding.  In order to prove the charge of attempting to obstruct an official proceeding, the Government must prove the following two elements beyond a reasonable doubt:

*First*, that the Defendant intended to commit the crime of obstructing an official proceeding, as I have just described that crime to you; and

*Second*, that the Defendant did some act that was a substantial step in an effort to bring about or accomplish that crime.

Mere intention to commit a crime does not amount to an attempt.  In order to convict the Defendant of an attempt, you must find beyond a reasonable doubt that the Defendant intended to commit the specific crime charged—obstruction of an official proceeding—and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the Defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its

commission, is not an attempt, although some preparations may amount to an attempt.  The substantial step must be strongly corroborative of the firmness of the Defendant's criminal intent.

### CC.      Willful Causation

The Defendant is charged in Counts One and Two with substantive offenses.  The first theory on which a defendant can be guilty of the substantive offenses is by committing them directly.  There is another theory on which a defendant can be guilty of the substantive offense indirectly—by willfully causing another to commit the offense.  I will explain this concept in more detail now.

A defendant can be guilty of the substantive crimes charged in those counts as a principal when he possessed the requisite criminal intent and willfully caused someone else to engage in actions necessary to commit the crimes.  So I am now going to take a minute to discuss what it means for a defendant to be guilty as a principal through willful causation in the context of this case.

It is the law of the United States "that whoever willfully causes an act to be done which, if directly performed by that person, would be an offense against the United States, is punishable as a principal."  So what does the term "willfully caused" mean?  It does not mean that the Defendant must physically have committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.  Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal.  Accordingly, one who intentionally causes someone else to make false or fraudulent statements or representations is guilty as a principal if the Government proves that the person who causes the making of that false or fraudulent representation acted knowingly, willfully, and with the specific intent to defraud and satisfies the other elements of the

substantive fraud counts that I have described to you.  This is so even if the individual that was caused to make the false statement had no criminal intent.

**DD.    Venue**

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties. This requirement is called "venue."  Venue refers to the fact that the Government must prove that a charge was properly brought in this court as opposed to a different federal court.  You must determine the satisfaction of the venue requirement separately for each count.

For the wire fraud charge in Count One, it is sufficient to establish venue if the Defendant caused any interstate wire such as an email, phone call, television or internet broadcast, or financial transaction to be transmitted into or out of the District.  The wire need not itself be criminal as long as it was transmitted or caused to be transmitted as part of the scheme.  The act need not have been taken by the Defendant, so long as the act was part of the crime that you find he committed.

For the obstruction charge in Count Two, it is sufficient to establish venue if the official proceeding that was intended to be affected was in the Southern District of New York.

As to the venue requirement alone, the Government's burden is to show that venue is proper by a preponderance of the evidence.  That is, the Government must show simply that it is more likely than not that venue is proper here.

**EE.    Other Acts Evidence**

Now, you also heard evidence that the Defendant engaged in misconduct that is not charged in this Indictment including failure to report income on tax returns.  You have also heard evidence that the Defendant was previously convicted of mail fraud and obstruction of justice.  The Defendant is not on trial for committing any of those acts.  Accordingly, you may not consider the evidence of other  bad acts as a substitute for proof that the Defendant committed the crimes with which he is charged here.  Nor may you consider that evidence as proof that the Defendant has a criminal personality or bad character.  The evidence was admitted for limited purposes, and you may consider it for those purposes alone.

More specifically, you may consider the evidence you have heard regarding failure to report income on tax returns as relevant to what the Government contends is Mr. Pukke's consciousness of guilt.  You may consider evidence of the Defendant's prior convictions as relevant to what the Government contends is Mr. Pukke's intent, motive to conceal his involvement in Sanctuary Belize, materiality, and the nature of the bargain.

### FF. Variance in Dates

As I have described the Indictment, you may have noticed that it refers to various dates or times.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date, and it is not essential that the Government prove that the charged offenses started and ended on any specific dates.  The law requires only a substantial similarity between the dates alleged in the indictment and the dates established by the evidence.

## IV.  FINAL INSTRUCTIONS

### A.  Right to See Exhibits and Hear Testimony; Communications with Court

You are about to begin your deliberations.

We will send into the jury room all of the exhibits except for the devices that were admitted into evidence.  The devices will be made available on request, and all of the other

exhibits will be loaded on the computer that is available to you in the jury room.  If you have any difficulty operating the computer or finding what you want to see, please send me a note and I will send someone in to help.

If you want any further explanation of the law or if you want to hear any testimony read back, you may request that.  If you ask for any testimony to be re-read, please be as specific as possible so that we can identify exactly what you want read and not waste time reading testimony that you do not want to hear.  If there is any doubt or question about the meaning of any part of the instructions that I have given you, you should not hesitate to send me a note asking for clarification or for further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you should send me a written note signed by your foreperson, by giving it to the Marshal, who will be available outside the jury room throughout your deliberations.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing or orally here in open court.  If you send any notes to the Court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone — not even to me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

### B.  Notes

Some of you have taken notes throughout this trial.  I want to emphasize to you that notes are simply an aid to memory.  Your notes may not be given any greater weight or influence in

the determination of the case than the recollections of other jurors. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, because it is the court record that the jury must rely on when making a determination of the facts and rendering a verdict.

### C.  Duty to Deliberate / Unanimous Verdict

You will now retire to decide your verdict. As I have already explained, for the Government to prevail, the Government must prove each essential element of the charge beyond a reasonable doubt. If the Government carries its burden, you must find the Defendant guilty on that charge. Otherwise, you must find the Defendant not guilty on that charge.

Your verdict on each charge must be unanimous. Each juror is entitled to his or her opinion, but you are also required to exchange views with your fellow jurors. That is the very essence of jury deliberation. If you have a point of view and, after discussing it with other jurors, it appears that your own judgment is open to question, then of course you should not hesitate to yield your original point of view if you are convinced that the other view is one that satisfies your judgment and conscience. But do not give up a point of view that you conscientiously believe simply because you are outnumbered. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

After any breaks, or when you arrive in the morning if your deliberations last more than one day, do not begin to discuss the case until all jurors are present.

### D.  Selecting a Foreperson and the Foreperson's Duties

The first thing you should do when you retire to deliberate is to select one of you to act as your foreperson. You are free to select any of your members as your foreperson. The foreperson

does not have any more authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### E.  Verdict Form and Return of Verdict

Once you have reached your verdict, you must record it on the verdict form that I have prepared for you. The foreperson should fill in the Verdict Sheet, date it, and sign it. The foreperson should then give a note to the Marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in the note. The foreperson should keep the Verdict Sheet until I ask for it. You must all be in agreement with the verdict that is announced in Court.

### F.  Oath

You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply your own common sense, you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Members of the jury, you may now retire to deliberate on your verdict.

(Marshal sworn.)